CASES IN THE SUPREME COURT

GRANNEAU
*vs.*
LANGLOIS.

they could not have permitted him to do so, without a gross dereliction of duty. His case cannot be made stronger by an attempt to conceal the real state of things from them, and the laws of the country would be subject to a just reproach, if they sanctioned such an evasion of the statute.

*An act which attempts to evade the provisions of the charter, can confer no right on the party.*  In addition to the points filed in the cause, it was urged in argument, that if the court should decide the stock was illegally subscribed for, in the names of those who had lent their names to the owner of the property, that the proper decree would be, that the whole of it should stand in his individual name; but it is our opinion, that an act which attempted to evade the provisions of the charter, can confer no right on the party by whom it was committed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, be affirmed with costs.

GRANNEAU *vs.* LANGLOIS.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE
DISTRICT PRESIDING.

This court will not remand a cause because the testimony and affairs investigated are obscure, if there is no allegation that new evidence may be adduced.

Damages will not be given, unless it clearly appear that the appeal is frivolous.

The plaintiff sued on a promissory note. The defendant admitted his signature, but pleaded error, want of consideration, and fraud.

On the trial, the defendant attempted to prove various errors of fact in their business transactions previous to the time the note in question was given. He likewise at-

tempted to prove a partnership, and a joint interest with plaintiff in a certain schooner. The court decided that he had failed in his defence, and rendered judgment accordingly.

EASTERN DIS.
*January, 1833.*

GRANNEAU
*vs.*
LANGLOIS.

After an unsuccessful effort to obtain a new trial, the defendant appealed.

*Burk,* for appellants.

1. The judgment of the court below must be affirmed with ten per centum damages.

2. This suit is brought on a plain note of hand, and the defendant entirely failed to make out his defence.

3. The note appears to have been given on a settlement of accounts between the parties, and for a balance due; there is no proof showing want of consideration and error; it was the duty of the defendant to explain, satisfactorily, that settlement to the court.

*Labauve,* for appellees.

MARTIN, J. delivered the opinion of the court.

The defendant, sued on his promissory note, pleaded it was given for the balance which he was, through error and by the fraud of the plaintiff, induced to recognize as due on a settlement of accounts. There was judgment for the latter, and the former appealed, after a vain attempt for a new trial, on the ground of the judgment being manifestly contrary to the evidence.

The case turns entirely on a question of fact. The inferior judge has expressed his opinion that there is much obscurity in the affair; that it lay with the defendant to explain it, and he did not do so satisfactorily. In this view of the case, we concur.

The defendant has now presented the obscurity of the affair, complained of by our learned brother, as a reason for our remanding the case for another trial. There is no allegation that any new evidence may be adduced, and as the arguments of the counsel have failed in dispelling the obscurity

*This court will not remand a cause because the testimony and affairs investigated are obscure, if there is no allegation that new evidence may be adduced.*

in the affair, there is little hope that any new argument might render the counsel's efforts more successful; especially as he might have the benefit of it in this court.

The appellee has prayed for damages as on a frivolous case. The case may be said to be a doubtful one, and we may believe the defendant believed he might be benefited by an appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.